## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Stephanie L. Stamm<br>                Debtor | CHAPTER 13 |
| U.S. Bank National Association as Indenture Trustee for Springleaf Mortgage Loan Trust 2013-2, Mortgage-Backed Notes, Series 2013-2<br>                Movant<br>vs. | NO. 16-17791 REF |
| Stephanie L. Stamm<br>                Debtor | 11 U.S.C. Section 362 |
| Frederick L. Reigle<br>                Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$6,744.68** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 18, 2016 through April 18, 2017 at $952.28/mo. |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$6,744.68** |

2. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the Court order granting and/or approving of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$6,744.68**.

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$6,744.68** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due May 18, 2017 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $952.28 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within those fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said order.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: May 15, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date: May 17, 2017

Joseph T. Bambrick, Jr.
Attorney for Debtor

Date: _____

William C. Miller    Frederick L. Reigle
Chapter 13 Trustee
5/23/17

Approved by the Court this _____ day of _____ 2017. However, the court retains discretion regarding entry of any further order.

**Date: May 25, 2017**

Bankruptcy Judge
Richard E. Fehling